09-2040-ag
Zhang v. Holder

BIA
A073 534 143

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of January, two thousand ten.

PRESENT:
     DENNIS JACOBS,
          *Chief Judge,*
     GUIDO CALABRESI,
     DEBRA ANN LIVINGSTON,
          *Circuit Judges.*

_____

QIAO YONG ZHANG,
     *Petitioner,*

     v.                                    09-2040-ag
                                           NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
     *Respondent.*

_____

FOR PETITIONER:          Gary J. Yerman, New York, New York.

FOR RESPONDENT:          Tony West, Assistant Attorney
                         General; M. Jocelyn Lopez Wright,
                         Senior Litigation Counsel; Jason
                         Wisecup, Trial Attorney, Office of
                         Immigration Litigation, United
                         States Department of Justice,
                         Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Qiao Yong Zhang, a native and citizen of the People's Republic of China, seeks review of an April 29, 2009 order of the BIA denying her motion to reopen. *In re Qiao Yong Zhang*, No. A073 534 143 (B.I.A. Apr. 29, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). When the BIA considers relevant evidence of country conditions in evaluating a motion to reopen, we review the BIA's factual findings under the substantial evidence standard. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

There is no dispute that Zhang's motion to reopen was both untimely and number-barred. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if

2

such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii).  The BIA reasonably found that Zhang's motion to reopen did not qualify for such an exception.

The BIA did not abuse its discretion in finding that Zhang failed to establish changed country conditions in China based on her baptism and "continued practice" of Christianity in the United States.  *See Li Yong Zheng v. U.S. Dep't of Justice*, 416 F.3d 129, 130-31 (2d Cir. 2005) (holding that a change in personal circumstances in the United States does not constitute a change in country conditions, and therefore does not establish an exception to the filing deadline for motions to reopen).  Moreover, the BIA reasonably declined to reopen based on the country conditions evidence in the record, including the State Department's 2008 Religious Freedom Report for China.  *See* U.S. Department of State 2008 Religious Freedom Report for China; *see also* 2007 Annual Report of the Congressional-Executive Commission on China.  Although it did not discuss that evidence in detail, it was not required to do so.  *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n.17 (2d Cir. 2006) (presuming that the agency has taken

into account all evidence presented, unless the record "compellingly suggests otherwise"). This is particularly so because the evidence Zhang submitted was the same the agency is asked to consider "time and again." *See Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006) (holding that the BIA does not abuse its discretion by giving summary consideration to evidence presented in a motion to reopen, particularly when dealing with evidence which the BIA is asked to repeatedly consider). Therefore, the BIA did not abuse its discretion in denying Zhang's motion to reopen. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

4